IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | No. C 09-00268 SI |
| Plaintiff, | **ORDER RE: DEFENDANT'S MOTION TO COMPEL DISCOVERY** |
| v. | |
| ALEXANDER DEJARNETTE, | |
| Defendant. | |

On March 4, 2011, the Court heard argument on defendant Alexander DeJarnette's motion to compel discovery. Having considered the arguments of counsel and the papers submitted, the Court hereby rules as follows.

**BACKGROUND**

Defendant is charged in a first superseding indictment with a single count of violation of the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250(a) ("SORNA"). Doc. 139. The predicate sex offender conviction under federal law is defendant's 2001 conviction in *United States v. Dejarnette*, CR 99-351, for violating the Mann Act, 18 U.S.C. § 2421, 2423.

The original indictment in this case has been dismissed twice. On February 6, 2010, the Court dismissed the indictment after concluding that the SORNA prosecution violated the terms of defendant's plea agreement in CR 99-351. Doc. 105. The Court found that the government had represented to defendant that whether or not he was required to register as a sex offender upon release was a matter of state law, and that he would not be subject to federal sex offender registration requirements based on the 2001 Mann Act convictions. The Ninth Circuit reversed in a memorandum disposition. It

determined that the government's representation was "only concerned with a specific guideline governing a condition of supervised release" and that the government "never made any broad representations about the applicability of 'federal law' generally." Doc. 126, at 4. Thus, this Court "erred in concluding that the [government's] statements gave Dejarnette the reasonable expectation that he would not be subject to any future federal sex offender registration requirements." *Id.*

Shortly thereafter, the Ninth Circuit held in a different case that, for persons who were convicted of sex offenses prior to SORNA's enactment, SORNA's registration requirements became effective only on August 1, 2008. *See United States v. Valverdi*, 628 F.3d 1159 (9th Cir. 2010). Because DeJarnette's conviction was prior to SORNA's enactment date, and because the indictment charged him with failure to register on the specific date of March 14, 2008—a date upon which he was not actually required by SORNA to register—the Court dismissed the indictment once again. Doc. 141. By that time, however, the government had obtained a superseding indictment charging him with failure to register "beginning on or about August 2, 2008, and continuing through at least December 27, 2008." Doc. 139.

Defendant now moves to compel discovery from the government.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 16 grants criminal defendants a right to discovery. The government must disclose, upon defendant's request, all "documents . . . within the government's possession, custody, or control . . . [that are] material to preparing the defense[.]" Fed. R. Crim. P. 16(a)(1)(E)(I). "A defendant must make a threshold showing of materiality, which requires a presentation of 'facts which would tend to show that the Government is in possession of information helpful to the defense.'" *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)). Material information has been described as information that is "relevant to the development of a possible defense" or that will "enable the accused to substantially alter the quantum of proof in his favor." *United States v. Alas*, No. CR 08-874, 2009 WL 504687, * 6 (D. Ariz. Feb. 27, 2009) (citing *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990); *United States v. Marshall*, 532 F.2d 1279, 1285 (9th Cir. 1976)) (internal quotation marks

2

omitted).[1]

The rule announced in *Brady v. Maryland*, 373 U.S. 83 (1963), "is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation." *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir. 1978); *Alas*, 2009 WL 504687, at * 6. It is simply a constitutional rule that "requires, in addition to the non-suppression of obviously exculpatory material, . . . ordinary compliance with defense requests for specific evidence that is material, or likely material, to issues of guilt or punishment." *Beasley*, 576 F.2d at 630.

Federal Rule of Criminal Procedure 6(e)(3)(C)(ii) provides that grand jury transcripts may be disclosed "upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979). "One challenging an indictment carries a difficult burden. He must demonstrate that the prosecutor engaged in flagrant misconduct that deceived the grand jury or significantly impaired its ability to exercise independent judgment." *United States v. Al Mudarris*, 695 F.2d 1182 (9th Cir. 1983).

A defendant is entitled to certain material information in a probation file, such as information "that bears on the credibility of a significant witness in the case." *United States v. Strifler,* 851 F.2d 1197, 1201 (9th Cir. 1988). "[T]he appropriate procedure with respect to probation files is for the trial judge to conduct an in camera review to determine whether they contain discoverable information." *United States v. Alvarez*, 358 F.3d 1194, 1208. It does not appear that a defendant has the right to inspect the file in the first instance, however. *See Alvarez*, 358 F.3d at 1208 n. 9 (distinguishing *Strifler* from *United States v. Zavala*, 839 F.2d 523, 528 (9th Cir. 1988) and several other cases).

Federal Rule of Evidence 404(b) states that "upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses

---

[1] Rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). At the hearing, the government indicated that this exception is not implicated by defendant's motion to compel.

3

pretrial notice on good cause shown." The Advisory Committee Notes to the 1991 Amendments that added the notice requirement to Rule 404(b) indicate that: "Other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes a reasonable request or disclosure will depend largely on the circumstances of each case." "Likewise," the Advisory Committee noted, "no specific form of notice is required." Three weeks has been found to be reasonable. *See United States v. Martin*, No. CR 07-1205, 2009 WL 997396 (C.D. Cal. April 14, 2009).

## DISCUSSION

Defendant seeks six categories of discovery from the government:

A. Documents demonstrating government policies or procedures for implementing the requirements of 42 U.S.C. § 16917 with respect to individuals who the government asserts qualify as sex offenders under SORNA.

B. Evidence of any communications or correspondence from the United States Attorney's Office, the Bureau of Prisons, the United States Marshal Service, the United States Probation Office, or any representative of the United States, to Mr. DeJarnette or his attorneys, which purported to provide notice to Mr. DeJarnette of an obligation to register as a sex offender under state or federal law.

C. Transcripts of the legal instructions and testimony before the Grand Jury that resulted in the original and superseding indictments in this case, and specifically any testimony or instruction that purported to represent that Mr. DeJarnette has an obligation to register a sex offender under California law or the law of any state.

D. Correspondence, records, or notes reflecting communications between any federal official and any representative of the State of California or the San Francisco Police Department regarding any alleged obligation on the part of Mr. DeJarnette to register as a sex offender.

E. Records or notes of any communication between any representative of the United States Probation Office and Mr. DeJarnette concerning any alleged obligation to register as a sex offender

F. Notice of Government's intent to introduce 404(b) evidence and written summary of all such evidence

Defendants seek the first five categories of discovery in order to raise a due process/scienter defense.[2] The defense derives from the Supreme Court holding in *Lambert v. California*, 355 U.S. 225

---

[2] As defendant indicated at oral argument, he may also raise a related defense that he was affirmatively misled, also known as an entrapment by estoppel defense. *See United States v. Batterjee*, 361 F.3d 1210 (9th Cir. 2004). Because at this point it is not clear where exactly a due process/scienter

4

(1957). In *Lambert*, the Court overturned the conviction of a Los Angeles woman for failing to register as a convicted felon as required by a provision of the Los Angeles Municipal Code. Although the woman had been convicted of a felony in Los Angeles long after the provision was in place, she claimed that she had no actual knowledge of the registration requirement. The state court had not permitted her to offer proof of her lack of knowledge. The Supreme Court held that a registration act of the "character" of the Los Angeles Municipal Code provision "violates due process where it is applied to a person who has no actual knowledge of his duty to register, and where no showing is made of the probability of such knowledge." *Id.* at 227. The Court also noted that "circumstances which might move one to inquire as to the necessity of registration are completely lacking" because violation "is unaccompanied by any activity whatever, mere presence . . . being the test." *Id.* at 229 (contrasting registration laws "akin to licensing statutes in that they pertain to the regulation of business activities"). True and blameless ignorance of the law could be an excuse, because the law sought to punish inaction rather than action.

Many circuit courts, though to date not the Ninth Circuit, have interpreted the SORNA registration provision in light of the *Lambert* holding. They have come to nearly identical conclusions, expressed perhaps most succinctly in *States v. Vasquez*, 611 F.3d 325 (7th Cir. 2010). "[A] defendant can be convicted under SORNA if the government can prove that he knew he was required to register as a sex offender." *Id.* at 329. However, "[t]he government need not prove that, in addition to being required to register under state law, a defendant must also know that registration is mandated by a federal statute." *Id.* at 328. In *Vasquez*, the defendant had "stipulated that he was required to register as a sex offender, had previously faced jail time for failing to register, and had even signed a notification form acknowledging that he was required to register under state law." *Id.* at 329. This was sufficient to satisfy due process.

The Second Circuit came to a similar conclusion in *United States v. Fuller*, 627 F.3d 499 (2nd Cir. 2010), where the defendant had registered as a sex offender in Missouri. While registering there, he had acknowledged that he had a continuing duty under Missouri state law to notify law enforcement

---

defense would end and an estoppel defense would start, the Court will discuss these defenses together.

5

1 if he moved to another state. This was sufficient to satisfy due process and permit him to be prosecuted
2 under federal law for failing to register when he moved to New York. In *United States v. Shenandoah*,
3 595 F.3d 151 (3d Cir. 2010), it was "undisputed" that the defendant "knew that he was required to
4 register under New York law, which mandated that he update his registration if he traveled or moved
5 out of state and that he register in the new state." Thus, due process was satisfied and he could be
6 prosecuted for failure to register upon moving to Pennsylvania.[3] *See also United States v. Gould*, 568
7 F.3d 459 (4th Cir. 2009) (the defendant conceded that he knew he was violating Maryland law by failing
8 to register); *United States v. Baccam*, 562 F.3d 1197 (8th Cir. 2009) (the defendant "had adequate notice
9 of his registration obligations based on the information provided him in the California registration
10 forms, even if that notice did not explain that failure to register would be a violation of federal law as
11 well as state law"); *United States v. Griffey*, 589 F.3d 1363 (11th Cir. 2009) ("Griffey knew of his duty
12 to register as a sex offender in Alabama, the state in which he is alleged to have failed to register under
13 SORNA.").

14 The two district courts in the Ninth Circuit to reach this question have come to the same
15 conclusion, more or less. *See United States v. Hickey*, CR 08-1518, 2009 WL 1993773 (D. Ariz. July
16 7, 2009) ("Defendant's registration in Texas explicitly required him to register upon entry into another
17 state" and thus "Defendant received adequate notice of his duty to register in Arizona to satisfy due
18 process"); *United States v. Benevento*, 633 F. Supp. 2d 1170 (D. Nev. 2009) ("He registered as a sex
19 offender under California law upon release from prison, and at that time he was notified of his lifelong
20 obligations regarding registration.").[4]

---

[3] The Third Circuit has held further that a defendant who was required to register as a sex offender under state law before SORNA was enacted—and was in fact so registered—lacked even the standing to challenge the retroactivity rule that the defendant in *Valverdi* challenged successfully. *See United States v. Shenandoah*, 595 F.3d 151 (3d Cir. 2010). The Supreme Court has granted a petition for certiorari in an unpublished case controlled by *Shenandoah*, *United States v. Reynolds*, 380 Fed. Appx. 125 (3d Cir. 2010), for the limited purpose of addressing the standing question. *See Reynolds v. United States*, 131 S.Ct. 1043 (Mem) (2011). It is not clear what impact, if any, the Supreme Court case might have on this case and the viability of the defenses being contemplated.

[4] The *Benevento* court also went on to state that the comprehensive network of sex offender registration laws in the United States, along with the existence of old federal legislation, SORNA, and regulations promulgated under SORNA, provided the defendant with "constructive notice of his obligation to register after traveling." It then distinguished the whole issue of sex offender

Defendant in this case wishes to present what is by now a common defense to a prosecution for failure to register under SORNA, but his case involves somewhat unique facts. There is no question that defendant has been informed, multiple times by multiple parties, that he is required by both state and federal law to register as a sex offender based on his 2001 Mann Act conviction.[5] However, those who

---

registration from the felon registration question in *Lambert*, because in *Lambert* "'circumstances which might move one to inquire as to the necessity of registration [were] completely lacking.'" *Id.* at 1178–79 (quoting *Lambert*, 355 U.S. at 229) (alteration in *Benevento*).

[5] These notifications, described in detail in this Court's February 6, 2010 order, include the following:

  According to defendant, the entire time he was on supervised release he was never notified directly by State authorities that he was required to register under California law. However, sometime around December 5, 2006, an Assistant Manager at the California Department of Justice Sex Offender Tracking Program sent a letter to U.S. Probation Officer Octavio Magana stating that the Assessment Unit of the Sex Offender Tracking Program had conducted a review of defendant's federal Mann Act conviction and concluded that defendant was required to register as a sex offender because the "DOJ found that out-of-state [federal] offense is equivalent to California Penal Code section 2661(b)." Martikan Decl. Ex. 5.

  Based upon this December 5, 2006 letter, the U.S. Probation Officer informed defendant that he was required to register as a sex offender under California law. On January 11, 2007, the probation officer met with defendant and presented him with a form "Notice" from the State of California requiring acknowledgment of a duty to register under state law and directed defendant to sign it. Martikan Decl. Ex. 6. Defendant refused to do so, and took steps to challenge the registration requirement. According to defendant, his attorney Mr. Zilversmit corresponded with the State explaining that the registration requirement was in error, but received no response. Defendant's motion for reconsideration also states that defendant applied for a Temporary Restraining Order to prevent state officials from ordering him to register as a sex offender, which the San Francisco Superior Court granted on January 30, 2007, and that the order was vacated on February 6, 2007. There is nothing in the record or the parties' papers regarding any further state court proceedings regarding the state sex offender registration requirement.

  On January 22, 2007, defendant's probation officer submitted a Form 12 alleging that defendant was in violation of his supervised release based on his failure to register as a sex offender as required by state law. Proceedings were delayed because defendant was in state custody. The Court subsequently held hearings and on February 28, 2008, the Court revoked defendant's supervised release.

  In an order filed March 7, 2008, the Court sentenced defendant for various supervised release violations. With regard to the supervised release charges related to failure to register as a sex offender, the March 7, 2008 order stated that "If defendant fails to register by 3/13/08, he will be found in violation without further notice." Martikan Decl. Ex. 7. Defendant did not register as a sex offender. On March 17, 2008, the government filed a motion requesting that the Court "impose as a condition of supervised release the requirement that defendant register forthwith as a sex offender, by virtue of his 2001 federal convictions [under the Mann Act]." Docket No. 235 in CR 99-351 SI.

  Defendant then left the jurisdiction, and on January 1, 2009, the Probation Officer filed another Form 12 alleging multiple violations including, *inter alia*, that defendant had failed to register as a sex offender with the state sex offender registry as directed by

7

informed him that he was required to register under SORNA before August 1, 2008, it turns out, were wrong as a matter of law. *See Valverdi*, 628 F.3d 1159. Defendant also argues that those who informed him that he was required to register under California law were wrong as a matter of California law.[6]

Defendant does not explain in detail what defense he is planning to raise, although there are a variety of arguments that he might make based on *Lambert* and the unique facts of this case, at least as they are known to the Court. It appears that a due process/scienter defense will be difficult to maintain because of the repeated warnings to register given to defendant, because of the technical nature of his legal arguments (which contrast greatly with the arguments that were successful in *Lambert*), and perhaps most especially because of the Ninth Circuit holding reinstating the original indictment, which

---

the Court's March 7, 2008 order. At a February 6, 2009 hearing, when the prosecutor stated that defendant could be indicted for a failure to register as a sex offender, defendant stated, "Hey, your Honor, in my 11(e)(1)(c) plea agreement, you said, 'Leave it in the hands of the State,' right? So if I'm done with this, how could they come back and re-bring it up?" Feb. 6, 2009 Tr. at 8:12-15 (Martikan Decl. Ex. 8). By judgment filed February 9, 2009, the Court found defendant guilty of numerous supervised release violations, dismissed the charges related to sex offender registration, and revoked defendant's supervised release. This prosecution followed. Defendant has not been prosecuted under California law for failure to register as a sex offender. Doc. 105.

[6] It appears that defendant raised this argument in a civil law suit that he initiated against the Adult Probation Department of San Francisco in the Superior Court for the County of San Francisco. *See DeJarnette v. Adult Probation Dep't of SF*, Case No. CGC-07-459806 (Super. Ct. Cal. 2007). The Court does not have a copy of the complaint in the case, but in previous hearings defendant has represented that this is what the San Francisco case was about. The state court found that he was "not likely to prevail on the merits as to the named defendants," and denied his application for a preliminary injunction. *Id.*, docket entry of Feb. 6, 2007. Before any other substantive orders were issued, defendant (there the plaintiff) dismissed the case without prejudice. *Id.*, docket entry of July 27, 2007.

Defendant's argument on this point is set out in more detail in a letter that his former attorney, Marc J. Zilversmit, send to the Department of Justice in December 2006. *See* Doc. 74 Ex. H. The Department of Justice had concluded that defendant was required to register under then-California Penal Code § 290(a)(2)(D)(i) because the 2001 conviction was for an offense that is "equivalent to California Penal Code § 266i(b)."

At the time, California Penal Code § 290(a)(2)(D)(i) required registration by anyone convicted in federal court "of any offense that, if committed or attempted in [California], would have been punishable as one or more of the offenses described in [California Penal Code § 290(a)(2)(A)]." (The current registration requirements for out-of-state conviction is located at California Penal Code § 290.005.)

California Penal Code § 266i(b), one of the crimes that was listed in subparagraph (A) (and is now listed in § 290(c)), prohibits "pandering with a minor." Section 266i(a) then defines six different ways for a person to commit the crime of pandering. Defendant argues that the federal and state crimes each contain one or more elements missing from the other statute. While the Mann Act requires "transportation," this is not an element of pandering; and, argues defendant, pandering requires that a defendant have procured or persuaded a victim to enter or leave the state for prostitution, whereas the Mann Act does not contain a similar element.

is now law of the case and which stated that the government *did not* provide defendant with "the reasonable expectation that he would not be subject to any future federal sex offender registration requirements." Doc. 126. However, defendant is not in possession of the information necessary for defendant to try to raise this defense. Thus, this motion to compel discovery.

The Court does not find that "government policies or procedures for implementing the requirements of 42 U.S.C. § 16917," the first category of discovery requested by defendant, or the requested Grand Jury transcripts are relevant to the development of the possible defenses in this case. However, three other categories of discovery he requests are relevant to the development of a possible defense: (1) communications or correspondence between federal authorities and defendant that the government believes satisfy the notice requirement; (2) correspondence, records, or notes reflecting communications between federal authorities and state authorities regarding any obligation for defendant to register as a sex offender; and (3) records or notes of any communication between any representative of the United States Probation Office and defendant concerning any obligation to register as a sex offender.

The government argues that because the U.S. Probation Office is part of the judiciary and not executive branch, evidence in possession of the U.S. Probation Office is not in the possession or control of the prosecution. Although the government does not believe that the probation file contains anything material, it has requested that if the Court disagrees, then the Court order the probation office to produce the material. Because "the appropriate procedure with respect to probation files is for the trial judge to conduct an in camera review to determine whether they contain discoverable information," the Court will issue an order to the U.S. Probation Office for production to the Court of the requested portions of the file. *See Alvarez*, 358 F.3d at 1208.

Finally, and apparently without relation to the first five discovery requests, defendant has requested that the government provide notice of its intent to introduce 404(b) evidence, along with a written summary of all such evidence, now. The government responds that it will provide required notice, but requests that the timing of such notice be set in "in the context of other pre-trial filing deadlines." Oppo. At 9. Rule 404(b) requires the government to provide "reasonable notice" of 404(b) evidence that it wishes to use in a criminal case, if requested by the accused. The Advisory Committee

9

has noted that what is "reasonable," both in terms of timing and content, will depend on the case. Here, there does not appear to be any reason that the government should be required to present 404(b) notice earlier than usual, or in a more specific form. The Court will not order such a summary to be produced at this time. However, the Court will entertain specific timing requests from defendant when the pre-trial deadlines are being set. If the notice ultimately produced is not "reasonable" in terms of content, then the Court will revisit the issue of content at that time.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART defendant's motion to compel discovery.

- The Court ORDERS the U.S. Probation Office to produce to the Court any and all "Records or notes of any communication between any representative of the United States Probation Office and Mr. DeJarnette concerning any alleged obligation to register as a sex offender" that are in its possession.
- The Court ORDERS the plaintiff to produce to counsel for Mr. DeJarnette any and all "Evidence of any communications or correspondence from the United States Attorney's Office, the Bureau of Prisons, the United States Marshal Service, the United States Probation Office, or any representative of the United States, to Mr. DeJarnette or his attorneys, which purported to provide notice to Mr. DeJarnette of an obligation to register as a sex offender under state or federal law."
- The Court ORDERS the plaintiff to produce to counsel for Mr. DeJarnette any and all "Correspondence, records, or notes reflecting communications between any federal official and any representative of the State of California or the San Francisco Police Department regarding any alleged obligation on the part of Mr. DeJarnette to register as a sex offender."
- The Court DENIES defendant's motion to compel production of "Documents demonstrating government policies or procedures for implementing the requirements of 42 U.S.C. § 16917 with respect to individuals who the government asserts qualify as sex offenders under SORNA."
- The Court DENIES WITHOUT PREJUDICE defendant's motion to compel production of

"Notice of Government's intent to introduce 404(b) evidence and written summary of all such evidence."

- The Court DENIES WITHOUT PREJUDICE defendant's motion to compel production of "Transcripts of the legal instructions and testimony before the Grand Jury that resulted in the original and superseding indictments in this case, and specifically any testimony or instruction that purported to represent that Mr. DeJarnette has an obligation to register a sex offender under California law or the law of any state."

**IT IS SO ORDERED.**

Dated: March 4, 2011

SUSAN ILLSTON
United States District Judge