IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | No. C 09-00268-1 SI |
| Plaintiff, | **ORDER RE: MOTIONS IN LIMINE** |
| v. | |
| ALEXANDER DEJARNETTE, | |
| Defendant. | |

On July 8, 2011, the Court heard argument on several motions in limine filed by the parties in this case, as well as defendant's objections to the government's 404(b) notice, and the government's request for judicial notice. Having considered the arguments of counsel and the papers submitted, the Court hereby rules as follows.

**BACKGROUND**

**I.   Procedural background**

Defendant is charged in a first superseding indictment with a single count of violation of the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250(a) ("SORNA"). Doc. 139. The predicate sex offender conviction under federal law is defendant's 2001 conviction in *United States v. Dejarnette*, CR 99-351, for violating the Mann Act, 18 U.S.C. § 2421, 2423.[1]

---

[1] Defendant pleaded guilty to three Mann Act violations (two counts of violating 18 U.S.C. § 2423(a) and one count of violating 18 U.S.C. § 2421), and one count of witness tampering in violation of 18 U.S.C. § 1512(b)(3). *See* Plea Agreement, USA Request for Judicial Notice (Doc. 172), Ex. 2, ¶ 1 (Doc. 107 in CR 99-351). He was sentenced to 96 months of imprisonment, to be followed by 36 months of supervised release, and was ordered to pay a $400 assessment. *See* Judgment, USA Request for Judicial Notice (Doc. 172), Ex. 3 (Doc. 116 in CR 99-351).

The original indictment in this case has been dismissed twice. On February 6, 2010, the Court dismissed the indictment after concluding that the SORNA prosecution violated the terms of defendant's plea agreement in CR 99-351. Doc. 105. The Court found that the government had represented to defendant that whether or not he was required to register as a sex offender upon release was a matter of state law, and that he would not be subject to federal sex offender registration requirements based on the 2001 Mann Act convictions. The Ninth Circuit reversed in a memorandum disposition. It determined that the government's representation was "only concerned with a specific guideline governing a condition of supervised release" and that the government "never made any broad representations about the applicability of 'federal law' generally." Doc. 126, at 4. Thus, this Court "erred in concluding that the [government's] statements gave Dejarnette the reasonable expectation that he would not be subject to any future federal sex offender registration requirements." *Id.*

Shortly thereafter, the Ninth Circuit held in a different case that, for persons who were convicted of sex offenses prior to SORNA's enactment, SORNA's registration requirements became effective only on August 1, 2008. *See United States v. Valverdi*, 628 F.3d 1159 (9th Cir. 2010). Because DeJarnette's conviction was prior to SORNA's enactment date, and because the indictment charged him with failure to register on the specific date of March 14, 2008—a date upon which he was not actually required by SORNA to register—the Court dismissed the indictment once again. Doc. 141. By that time, however, the government had obtained a superseding indictment charging him with failure to register "beginning on or about August 2, 2008, and continuing through at least December 27, 2008." Doc. 139.

Previously, DeJarnette moved to compel discovery to permit him to raise a due process/scienter defense based on *Lambert v. California*, 355 U.S. 225 (1957) or an entrapment by estoppel defense base on *United States v. Batterjee*, 361 F.3d 1210 (9th Cir. 2004). The Court granted the motion in part, in an Order that discusses the question of notice, and the relationship between *Lambert* and SORNA in some detail. *See* Doc. 150.

A jury trial in this case is scheduled to commence on August 8, 2011.

**II.    Factual background**

In this Court's February 6, 2010 Order, the Court discussed the factual background of this case

2

in some detail:

> According to defendant, the entire time he was on supervised release [in relation to his Mann Act convictions] he was never notified directly by State authorities that he was required to register under California law. However, sometime around December 5, 2006, an Assistant Manager at the California Department of Justice Sex Offender Tracking Program sent a letter to U.S. Probation Officer Octavio Magana stating that the Assessment Unit of the Sex Offender Tracking Program had conducted a review of defendant's federal Mann Act conviction and concluded that defendant was required to register as a sex offender because the "DOJ found that out-of-state [federal] offense is equivalent to California Penal Code section 266[i](b)." Martikan Decl. Ex. 5.
>
> Based upon this December 5, 2006 letter, the U.S. Probation Officer informed defendant that he was required to register as a sex offender under California law. On January 11, 2007, the probation officer met with defendant and presented him with a form "Notice" from the State of California requiring acknowledgment of a duty to register under state law and directed defendant to sign it. Martikan Decl. Ex. 6. Defendant refused to do so, and took steps to challenge the registration requirement. According to defendant, his attorney Mr. Zilversmit corresponded with the State explaining that the registration requirement was in error, but received no response. Defendant's motion for reconsideration also states that defendant applied for a Temporary Restraining Order to prevent state officials from ordering him to register as a sex offender, which the San Francisco Superior Court granted on January 30, 2007, and that the order was vacated on February 6, 2007. There is nothing in the record or the parties' papers regarding any further state court proceedings regarding the state sex offender registration requirement.
>
> On January 22, 2007, defendant's probation officer submitted a Form 12 alleging that defendant was in violation of his supervised release based on his failure to register as a sex offender as required by state law. Proceedings were delayed because defendant was in state custody. The Court subsequently held hearings and on February 28, 2008, the Court revoked defendant's supervised release.
>
> In an order filed March 7, 2008, the Court sentenced defendant for various supervised release violations. With regard to the supervised release charges related to failure to register as a sex offender, the March 7, 2008 order stated that "If defendant fails to register by 3/13/08, he will be found in violation without further notice." Martikan Decl. Ex. 7. Defendant did not register as a sex offender. On March 17, 2008, the government filed a motion requesting that the Court "impose as a condition of supervised release the requirement that defendant register forthwith as a sex offender, by virtue of his 2001 federal convictions [under the Mann Act]." Docket No. 235 in CR 99-351 SI.
>
> Defendant then left the jurisdiction, and on January 1, 2009, the Probation Officer filed another Form 12 alleging multiple violations including, inter alia, that defendant had failed to register as a sex offender with the state sex offender registry as directed by the Court's March 7, 2008 order. At a February 6, 2009 hearing, when the prosecutor stated that defendant could be indicted for a failure to register as a sex offender, defendant stated, "Hey, your Honor, in my 11(e)(1)(c) plea agreement, you said, 'Leave it in the hands of the State,' right? So if I'm done with this, how could they come back and re-bring it up?" Feb. 6, 2009 Tr. at 8:12-15 (Martikan Decl. Ex. 8). By judgment filed February 9, 2009, the Court found defendant guilty of numerous supervised release violations, dismissed the charges related to sex offender registration, and revoked defendant's supervised release. This prosecution followed. Defendant has not been prosecuted under California law for failure to register as a sex offender.

Doc. 105.

There is no question that defendant has been informed, multiple times by multiple parties, that

3

he is required by both state and federal law to register as a sex offender based on his 2001 Mann Act conviction. However, those who informed him that he was required to register under SORNA before August 1, 2008, it turns out, were wrong as a matter of law. *See Valverdi*, 628 F.3d 1159.

Defendant has consistently maintained that those who informed him that he was required to register under California law were wrong as a matter of California law as well. Whether or not this is the true is one of the main questions presented to the Court by the parties in their motions in limine.

**DISCUSSION**

**I.     Specific intent, good faith, and advice of counsel**

The government has moved to "exclude any evidence that Dejarnette lacked knowledge of SORNA's specific registration requirement and any evidence of good faith or advice of counsel." USA Mot. in Limine Re: Intent. (Doc. 168), at 1. The government argues that defendant is charged with a general intent crime, rather than a specific intent crime, and therefore his awareness of a duty to register under SORNA is irrelevant, as is any advice of counsel about his duty to register under state law, or any "good faith" belief he might have had.

The government must prove that defendant *knowingly failed* to register. Defendant may present a defense by arguing that he did not know that he was required to register. His awareness of a duty to register under SORNA is relevant (though not dispositive); as is his state of mind and what his lawyer told him. The out-of-circuit SORNA cases that the government cites are all cases where the defendant admitted knowledge of a requirement to register under state law—which is not the case here. The Ninth Circuit and Supreme Court cases the government cites indicates that defendant may not be entitled to a "good faith" jury instruction or an "advice of counsel" jury instruction, but he is allowed to present a defense as to his knowledge.

The government's motion is DENIED without prejudice to the government's ability to argue that the jury should not be instructed as to a good faith or advice of counsel defense.

**II.    Defendant's motion to exclude evidence**

Defendant moves to exclude three categories of evidence: (1) evidence of his failure to register

4

before August 1, 2008 (the effective date of SORNA); (2) evidence of a duty to register under California law; and (3) the Court's March 2008 Order requiring defendant to register as part of his supervised release.

### A.    Evidence of failure to register before August 1, 2008

This evidence is relevant to the question of whether defendant registered as a sex offender, one of the elements of the charge, and is admissible on that basis.[2]  Any potential for unfair prejudice can be addressed through limiting instructions.

### B.    Evidence of a duty to register under California law

Defendant argues that evidence that he had a duty to register under California law is irrelevant because, as a matter of law, he had no such duty.

The sex offender registration requirements relevant to this case are set out in California Penal Code section 290.005.[3]  Section 290.005 states in its entirety:

> The following persons shall register in accordance with the Act:
>
> (a) Any person who, since July 1, 1944, has been, or is hereafter convicted in any other court, including any state, federal, or military court, of any offense that, if committed or attempted in this state, would have been punishable as one or more of the offenses

---

[2] The government goes further and argues that any pre-August 2008 notice was "legally accurate when given" and "operates as notice of a future duty." The government reads *United States v. George*, 625 F.3d 1124 (9th Cir. 2010), as holding that SORNA was effective sometime in 2006 or 2007, and explains that the Ninth Circuit later decided "to postpone the effective date" until August 2008.
The Ninth Circuit first determined (rather than "postpone[d]") the effective date of the retroactivity determination of the Attorney General in *Valverde*. The *Valverde* court specifically noted that the Ninth Circuit had not reached the question in *George*. *See Valverde*, 628 F.3d at 1161 n.1. Any pre-August 2008 notice is relevant evidence in this case, but it was *not* legally accurate when given.

[3] The parties have also discussed certain registration requirements set out in California Penal Code section 290(c). Section 290(c) requires registration of "Any person who, since July 1, 1944, has been or is hereafter convicted in any court in this state or in any federal or military court of a violation of" certain specific California Penal Code violations; "any statutory predecessor that includes all elements of one of the above-mentioned offenses"; or "the attempt or conspiracy to commit any of the above-mentioned offenses." It is not clear how a person could be convicted of violating the California Penal Code in federal or military court. The Court need not determine whether Section 290 implicitly requires registration for someone convicted of a comparable federal or military offense, however, as such a requirement is included in Section 290.005.

5

described in subdivision (c) of Section 290, including offenses in which the person was a principal, as defined in Section 31.

(b) Any person ordered by any other court, including any state, federal, or military court, to register as a sex offender for any offense, if the court found at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification.

(c) Except as provided in subdivision (d), any person who would be required to register while residing in the state of conviction for a sex offense committed in that state.

(d) Notwithstanding subdivision (c), a person convicted in another state of an offense similar to one of the following offenses who is required to register in the state of conviction shall not be required to register in California unless the out-of-state offense contains all of the elements of a registerable California offense described in subdivision (c) of Section 290:

    (1) Indecent exposure, pursuant to Section 314.

    (2) Unlawful sexual intercourse, pursuant to Section 261.5.

    (3) Incest, pursuant to Section 285.

    (4) Sodomy, pursuant to Section 286, or oral copulation, pursuant to Section 288a, provided that the offender notifies the Department of Justice that the sodomy or oral copulation conviction was for conduct between consenting adults, as described in Section 290.019, and the department is able, upon the exercise of reasonable diligence, to verify that fact.

    (5) Pimping, pursuant to Section 266h, or pandering, pursuant to Section 266i.

The government argues that Section 290.005(a) required defendant to register as a sex offender in the State of California at the times that he was notified of his duty to register as a sex offender in the State of California. This is so, the government argues, because defendant was "convicted in . . . federal . . . court" of violating the Mann Act. *See id.* § 290.005(a). The facts surrounding the offenses are described in his plea agreement. If he had "committed" those acts "in this state," they "would have been punishable" under California Penal Code section 266j (transportation of a minor under sixteen for prostitution) or section 266h(b) (pimping a minor). *See id.* Those "offenses" are "described in subdivision (c) of Section 290." *See id.*

Defendant argues that at no point has Section 290.005(a) required him to register as a sex offender in the State of California. Defendant argues that, under *In re: Rodden*, 186 Cal. App. 4th 24 (Cal. App. 2010), Section 290.005(a) permits only a comparison between the *elements* of the offense of conviction and the *elements* of the California offenses listed in Section 290(c). Defendant argues that

1 the elements of his Mann Act convictions do not match the elements of transportation of a minor under
2 sixteen for prostitution, pimping a minor, or pandering (the crime referenced in the California
3 Department of Justice's December 2006 letter to defendant's probation officer).[4]

4 The government argues that the *Rodden* holding depends upon the applicability of Section
5 290.005(d), which only applies to out-of-state convictions, not federal convictions. The government
6 points the Court instead to *People v. Bacon*, 50 Cal. 4th 1082 (2010), a recent California Supreme Court
7 opinion interpreting the phrase "would have been punishable," to argue that the Court may look past the
8 elements of defendant's Mann Act conviction to the facts that he admitted regarding his offenses.

9 The Court agrees with the government that the Court may consider the uncontested facts
10 contained in defendant's guilty plea when determining whether the "offense" for which defendant was
11 convicted in federal court "would have been punishable" in California as one of the crimes listed in
12 Section 290 if it had been "committed" in California. *See* Cal. Penal Code § 290.005(a).

13 Although *Rodden* uses broad language to describe Sections 290 and 290.005, it is a case
14 primarily concerned with Section 290.005(d), which applies only to out-of-state convictions, not to
15 federal court convictions. The petitioner in *Rodden* had been convicted in Kentucky of "Facilitating
16 Sodomy, first-degree," was sentenced to probation, but was not required to register as a sex offender
17 in Kentucky. 186 Cal. App. 4th at 30–31. She moved to California and was charged with failing to
18 register as a sex offender in California. The petitioner argued that she could not be convicted, because
19 her "out-of-state offense" did not "contain[] all of the elements of" any of the "California offense[s]"
20 listed in subsection (d), and therefore the language of subsection (d) excluded her from Section
21 290.005's registration requirement. The State argued that even if subsection (d) did not require her to
22 register in California, subsection (a) did.

23 The *Rodden* Court held that the State could not rely on Section 290.005(a) in order to get around
24 the restrictions imposed by Section 290.005(d). The *Rodden* Court did note that "[b]oth sections 290

---

[4] The government relies on the California offenses of transportation of a minor under sixteen for prostitution and pimping a minor to argue that defendant was obligated to register as a sex offender. However, the government does not concede that the California Department of Justice was wrong to cite the crime of pandering as the reason that defendant was required to register. Rather, the government argues that pandering might apply, depending on the meaning of the word "procure" as used in the pandering statute.

7

and 290.005 focus on the elements of the offense rather than the conduct underlying the conviction," and rely on that observation to a certain extent. *Id.* at 36. But *Rodden* is not primarily concerned with interpreting subsection (a), and in fact does not do so.[5]

The California Supreme Court recently discussed the meaning of the phrase "would be punishable," in a case where it was asked to determine whether a defendant's prior offense in Arizona, for which he had been convicted, was sufficient to support a prior-murder special-circumstance finding in California. *See Bacon*, *supra*, 50 Cal. 4th 1082. In that context, the California Supreme Court held that, when determining how a "crime 'would be punishable' . . . in California," a court "may properly consider at least the uncontested facts and circumstances of the offense in the record." 50 Cal. 4th at 1118.

The Court follows the California Supreme Court's explanation in *Bacon* of how to determine whether an offense or crime "would be punishable" under California law.

In his guilty plea, defendant admitted that he "had [a woman] purchase" a Greyhound Bus ticket to enable a sixteen year old to "travel from San Francisco to Las Vegas" in order for the sixteen year old to "come and work for [defendant] as a prostitute." He then had the sixteen year old "give the proceeds" of her work as a prostitute to the woman who had purchased the bus ticket "to hand over to" defendant. Plea Agreement ¶ 2.a. This offense would have been punishable under California Penal Code section 266h. *See* Cal. Penal Code § 266h(b) ("Any person who, knowing another person is a prostitute, lives or derives support . . . in part from the earnings . . . of the person's prostitution . . . when the prostitute is a minor, is guilty of pimping a minor, a felony . . . ."). Defendant also admitted that he drove a 15 year old from California to Nevada, "planned to have her work for [him] . . . as a prostitute" and in fact "had her work for [him] as a prostitute." Plea Agreement ¶ 2.b. This offense would have been punishable under California Penal Code section 266j. *See* Cal. Penal Code § 266j ("Any person who intentionally . . . transports . . . a child under the age of 16 for the purpose of any lewd or lascivious

---

[5] Defendant also cites the Ninth Circuit case *Beene v. Terhune*, 380 F.3d 1149 (9th Cir. 2004). In *Beene*, the Ninth Circuit determined that the California did not violate the due process clause when it required petitioner to register as a sex offender under subsection (a). The Ninth Circuit was able to reach this conclusion looking only to the elements of petitioner's crime of conviction. There was no need for the court to look to uncontested facts on the record, and therefore the Ninth Circuit's decision not to do so is entirely consistent with the Court's ruling on this motion.

8

act as defined in Section 288, or who causes, induces, or persuades a child under the age of 16 to engage in such an act with another person, is guilty of a felony . . . ."); Cal. Penal Code § 288; *People v. Bautista*, 129 Cal. App. 4th 1431 (2005) (discussing Cal. Penal Code § 266j).[6]

Defendant was required to register as a sex offender under California law. Evidence that defendant had such a duty is relevant to the question of whether he knowingly failed to register in violation of SORNA, and is admissible on that basis.

Defendant also argues that certain evidence—such as the letter from the California Department of Justice and the testimony of defendant's probation officer—should be barred because is not admissible to prove that defendant was required to register under California law. Because the Court has already determined that defendant was required to register, those objections are overruled at this time. However, this ruling is without prejudice to other evidentiary objections made at trial, or requests for specific limiting instructions.

### C. The Court's March 2008 Order

This evidence is relevant to the question of knowledge, one of the elements of the charge, and it is admissible on that basis. Any potential for unfair prejudice can be addressed through appropriate limiting instructions.

Defendant's motion is DENIED without prejudice to defendant making other evidentiary objections at trial, and without prejudice to defendant's ability to request specific limiting instructions at the appropriate points during the trial.

---

[6] One Massachusetts state court judge has expressed concern that "if the focus for out-of-state convictions is to be on the actual conduct the defendant admitted to at the plea hearing rather than the conviction itself, then persons with out-of-state convictions may be required to register as sex offenders even when they did not plead guilty to a traditional sex offense." *See Roe v. Attorney General of Com.*, 10 Mass. L. Rptr. 709, 1999 WL 1260188, * 3 (Super. Ct. 1999). In this case, defendant pleaded guilty to Mann Act violations—traditional sex offenses—and that concern does not arise. The Massachusetts court also raised concerns about possible disparate treatment of in-state and out-of-state offenders in such circumstances. California law already recognizes such concerns, permitting equal protection challenges to sex offender registration laws. *See People v. Hofsheier*, 129 P.3d 29, 32 (Cal. 2006) ("[T]o subject defendant to the mandatory registration requirement of section 290, subdivision (a)(1)(A) would deny defendant the equal protection of the laws."); *In re J.P.* 170 Cal. App. 4th 1292 (2009) (following *Hofsheier* and vacating registration requirement in juvenile adjudication).

**III.  Government's motion to exclude defendant's hearsay statements unless he testifies**

The government moves "to preclude Dejarnette from offering any of" the "numerous statements, both written and verbal," that defendant has made "to the Court and the government during this and his prior criminal case," in "letters," and on voicemail, "without testifying himself." The government argues that, "[w]hen offered by the defense, these statements are inadmissible hearsay." USA Mot. in Limine Re: Def. Use of Hearsay (Doc. 170), at 1.

Inadmissible hearsay will not be admitted at trial. However, the government has not provided the Court with sufficient information regarding these unspecified statements to allow to the Court to rule on the government's motion at this time. The government's motion is DENIED without prejudice to the government objecting to individual questions and answers during trial.

**IV.  Government's 404(b) notice**

The government has provided notice that it intends to introduce evidence of (1) defendant's flight from California just after the Court ordered him to register within two weeks; (2) defendant's failure to register in Georgia and Massachusetts, the places to which he allegedly fled; and (3) defendant's repeated refusals to sign acknowledgment forms about his duty to register. The government argues that these issues are inextricably intertwined with the charge, but that it is providing 404(b) notice out of an abundance of caution.

Defendant argues that the 404(b) notice is inadequate, and that Criminal Local Rule 16-1(c)(3) requires that the notice be supported by documentary evidence or witness statements. Defendant also argues that the 404(b) evidence is irrelevant or otherwise inadmissible.

The notice as written is overly broad, and defendant's objections are SUSTAINED to the notice as framed. The government may provide new 404(b) notice that complies with Federal Rule of Evidence 404(b) and Criminal Local Rule 16-1(c)(3) to the defense and to the Court by **5:00 p.m. on Friday, July 29, 2011**.

### V. Government's request for judicial notice

The government has requested judicial notice of the following documents for the following purposes:

| Document | Use |
| --- | --- |
| Indictment | Fact of Indictment on the listed charges. |
| Plea Agreement and Addendum | Fact of Defendant's factual admissions and knowledge of potential sex offender registration. |
| Judgment | Adjudication of the charged offenses. |
| USCA Affirmance of Judgment | Finality of above adjudication. |
| USA Memo Re: Defendant's Registration as a Sex Offender | Notice from USA of Defendant's duty to register under federal law. |
| Opposition by Defendant to USA Memorandum at Exhibit 5 | Defendant's acknowledgment of notice of his duty to register at page 4. |
| Order to release Defendant from custody | Fact that Defendant was ordered released from custody. |
| Judgment re: Form 12 | Fact of adjudicated violations and order to Defendant to register. |
| Probation Form 12 | Fact of filing. |
| USA Motion to Impose Registration Supervised Release Condition | Notice from USA of Defendant's duty to register under federal law. |
| Probation Form 12 | Fact of filing. |
| Judgment re: Form 12 | Fact of adjudicated violations. |
| Transcript of 2/28/2008 Proceedings | Fact of proceedings as recorded and certified, and fact of Defendant's acknowledgment to the Court that he must register within two weeks at pages 48-49. |
| State Court Proceedings in *Alexander Dejarnette v. Adult Probation Dept. of San Francisco*, California Superior Court, Case No. CGC-070459806 | Fact of filings, dates of filings, judicial effect of filings vacating TRO and voluntarily dismissing the case. |
| Transcript of 2/6/2009 Proceedings | Fact of proceedings as recorded and certified, and fact of Defendant's admission to the adjudged violations. |

Defendant objects that these are not the types of documents subject to judicial notice in a criminal case, and that the documents contain many "facts" that are not subject to judicial notice. For example, the indictment contains several charges that were dropped and are therefore irrelevant and prejudicial; if the government wants the plea agreement admitted to show defendant acknowledged a potential registration requirement, the proper way to do that is to have it admitted as an admission of a party opponent; the verdict contains evidence of a conviction for witness tampering, which is not admissible in this case; etc.

As it is presented to the Court, the government's request is DENIED, without prejudice to any sufficiently detailed and circumscribed requests for judicial notice made at a later point.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES the government's motion regarding specific intent, good faith, and advice of counsel, without prejudice to the government's ability to argue that the jury should not be instructed as to a good faith or advice of counsel defense. The Court DENIES defendant's motion to exclude evidence, without prejudice to defendant making other evidentiary objections at trial, and without prejudice to defendant's ability to request specific limiting instructions at the appropriate points during the trial. The Court DENIES the government's motion regarding the admissibility of defendant's out of court statements, without prejudice to the government objecting to individual questions and answers during trial. The Court SUSTAINS defendant's objections to the government's 404(b) notice, without prejudice to any future 404(b) notice that complies with Federal Rule of Evidence 404(b) and Criminal Local Rule 16-1(c)(3) that the government provides to the defense and to the Court by **5:00 p.m. on Friday, July 29, 2011**. The Court DENIES the government's request for judicial notice as presented to the Court, without prejudice to any sufficiently detailed and circumscribed requests for judicial notice made at a later point. (Docs. 168, 169, 170, 172.)

**IT IS SO ORDERED.**

Dated: July 15, 2011

SUSAN ILLSTON
United States District Judge