IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | No. C 09-0268 SI |
| Plaintiff, | |
| v. | |
| ALEXANDER DEJARNETTE, | |
| Defendant.                           / | |

**INSTRUCTIONS TO JURY**

**(FINAL COURT DRAFT)**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**CHARGE AGAINST DEFENDANT NOT EVIDENCE—**
**PRESUMPTION OF INNOCENCE—**
**BURDEN OF PROOF**

The superseding indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

**DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.

2

**REASONABLE DOUBT—DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not

evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

4

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**ACTIVITIES NOT CHARGED**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the superseding indictment. The defendant is not on trial for any conduct or offense not charged in the superseding indictment.

5

**REQUIREMENT TO REGISTER - ELEMENTS**

(18 U.S.C. § 2250(a))

The defendant is charged in the superseding indictment with a violation of 18 U.S.C. § 2250(a), Failure to Register as a Sex Offender.

This law makes it a crime for anyone who, by reason of conviction is required by law to register under the Sex Offender Registration and Notification Act (SORNA), to knowingly fail to register.

To find the defendant guilty of this crime, you must be unanimously convinced that the government has proved each of the following elements beyond a reasonable doubt:

*First:* That the defendant is a sex offender for purposes of SORNA, by reason of a conviction under federal law;

*Second:* That the defendant is required to register under SORNA; and

*Third:* That during the time in between August 2, 2008 and December 27, 2008 in the Northern District of California, the defendant knowingly failed to register or keep his registration current as required by SORNA.

**SEX OFFENDERS REQUIRED TO REGISTER UNDER SORNA**

The first two elements of the offense which the government must prove beyond a reasonable doubt are that (1) Mr. DeJarnette is a sex offender, (2) who is required to register under the Sex offender Registration and Notification Act ("SORNA").

In order to establish these elements, the government must prove that Mr. DeJarnette was convicted of a federal offense under 18 U.S.C. § 2423(a) and/or 18 U.S.C. § 2421.

**SORNA REGISTRATION REQUIREMENTS**

SORNA requires a sex offender initially to register in the jurisdiction in which the sex offender was convicted of the sex offense that led to the registration requirement, if this jurisdiction is different from the jurisdiction of residence.

SORNA requires a sex offender to register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee and where the offender is a student.

6

SORNA requires a sex offender to report a change of name, residence, employment or student status within three business days after any such change, to at least one jurisdiction involved in the change, and to inform the jurisdiction of all changes in the information required for that offender in the sex offender registry.

### "KNOWINGLY" – DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake or accident. The government is not required to prove that the defendant knew that his acts or omissions violated SORNA. You may consider evidence of the defendant's words, acts or omissions, along with all th other evidence, in deciding whether the defendant acted knowingly. In determining whether a defendant knowingly failed to register as required by SORNA, you may consider whether that defendant had adequate notice of his duty to register as a sex offender under state law.

### REQUIRED TO REGISTER AS A SEX OFFENDER UNDER SORNA – TIME OF OFFENSE

The government must prove beyond a reasonable doubt that Mr. DeJarnette was required to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"). SORNA was not applicable to Mr. DeJarnette until August 1, 2008. You cannot find Mr. DeJarnette guilty of the offense charged in the superseding indictment based on evidence that he failed to register as a sex offender before August 1, 2008. You may only find the defendant guilty if the government proves beyond a reasonable doubt that every element of the charged offense occurred on or after August 1, 2008.

### REQUIRED TO REGISTER AS A SEX OFFENDER UNDER SORNA – SOURCE OF REGISTRATION OBLIGATION

The government must prove beyond a reasonable doubt that Mr. DeJarnette was required as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"). You cannot find Mr. DeJarnette guilty of failing to register based on the laws of the State of California, or based on any other law or regulation other than SORNA.

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**VERDICT FORM**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.